UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60323-GAYLES/OTAZO-REYES

THE MARITIME EXECUTIVE, LLC,

    Plaintiff,

v.

LARSON ELECTRONICS, LLC, et al.,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Larson Electronics, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 8] and Defendant Robert Bresnahan's Motion to Dismiss [ECF No. 7] (collectively the "Motions). The Court has reviewed the Motions and the record and is otherwise fully advised.

### I.    BACKGROUND

Plaintiff Maritime Executive, LLC ("Maritime" or "Plaintiff") filed this action against Defendants Larson Electronics, LLC ("Larson"), and Robert Bresnahan ("Bresnahan") (collectively, "Defendants") for defamation and defamation *per se* [ECF No. 1-2]. Maritime is a Florida limited liability company. Larson is a Texas limited liability company and Bresnahan is domiciled in and a citizen of Texas. Bresnahan is sole shareholder of Controlling Factor, Inc., which is the sole member of Larson.

According to the Complaint, in or around January of 2016, Maritime entered into a written agreement with Larson where Maritime would publish advertisements for Larson's products in Maritime's email marketing lists and newsletter. Maritime alleges it published the agreed upon advertisements but Larson failed to pay for its services. Maritime alleges that after it

attempted to collect on the debts owed by Larson, Defendants began publishing defamatory statements about Maritime on Larson's website. *See* [ECF No. 1-2, ¶ 11]. Maritime also alleges that Defendants purchased Google AdWords advertisements that referred to Maritime as a "scam," and appeared as the first link on Google when users entered certain search terms associated with Maritime. *See* [*Id.* ¶ 12].

Following removal from the Seventeenth Judicial Circuit in and for Broward County, Florida, Defendants moved to dismiss, arguing that this Court does not have personal jurisdiction over them. Bresnahan also moved to dismiss arguing that Plaintiff has failed to state a claim against him for defamation and defamation *per se*. Maritime filed a Response in Opposition [ECF No. 16] addressing Defendants' personal jurisdiction arguments, but did not respond to Bresnahan's arguments concerning a failure to state a claim against him for defamation and defamation per se.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant–unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. ANALYSIS

### A. Personal Jurisdiction

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When a defendant submits evidence in support of its challenge to personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff," *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted), and still must "accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara*, 916 F.2d at 1514.

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction over a nonresident defendant exists. First, the court must determine whether the exercise of jurisdiction is appropriate under Florida Statute § 48.193, Florida's long-arm statute. Second, the court must determine whether personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).

### 1. Florida's Long-Arm Statute

Maritime argues that the Court has jurisdiction over Defendants under Florida's long-arm statute. The long-arm statute provides, in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state [or]
>
> 2. Committing a tortious act in this state.
>
> . . .
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. §§ 48.193(1)(a)(1)–(2),(6), 48.193(2). Maritime contends that jurisdiction is proper under all of these provisions. The Court addresses each in turn.

### 2. General Jurisdiction under Section 48.193(2)

The reach of the general jurisdiction provision of the Florida long-arm statute is co-extensive with the limits of the Due Process Clause, so the Court need only ascertain whether its exercise of jurisdiction over the Defendants "would exceed constitutional bounds." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). The Due Process clause permits personal jurisdiction so long as the nonresident defendant has certain minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two bases for general jurisdiction over a corporation: its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citation and alterations omitted).[1] For a corporation to be subject to general jurisdiction in any other forum, its affiliations with that forum must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Id.* at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[F]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 134 S. Ct. at 760. Beyond that, the Supreme Court has provided two other instances in which the exercise of general jurisdiction over an individual is proper: where the individual consents to the forum's jurisdiction and where the individual is present within the forum when served with process. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (plurality opinion).

To support the exercise of general jurisdiction pursuant to section 48.193(2), Maritime alleges that Larson conducts substantial business in the state of Florida and that Bresnahan is the owner and managing member of Larson. [ECF No. 1-2, ¶¶ 3-4]. Plaintiff also submitted an affidavit of its President, Tony Munoz, which states that "[Defendants] otherwise advertise in the State of Florida as well as sell and distributes [sic] products to the State of Florida." [ECF No. 16, Exhibit C ¶ 14]. Such conclusory allegations are insufficient to meet Maritime's burden as they do not point to any specific continuous or systematic contacts with Florida that would justify the exercise of general jurisdiction. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Indeed, Maritime does not allege that Larson has an office, post office box, registered agent, or any employees in Florida. In regards to Bresnahan, a resident of Texas, he was not

---

[1] This same test also applies to limited liability companies. *See, e.g.*, *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017).

served in and did not consent to jurisdiction in Florida. Accordingly, the Court finds that there is no general jurisdiction over Defendants in Florida.

### 3. Specific Jurisdiction - Section 48.193(1)(a)(2)

Specific jurisdiction "authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *Louis Vuitton*, 736 F.3d at 1352 (citing *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1120 n.27 (11th Cir. 2009)). Maritime alleges that Defendants have committed a tort in Florida.

The "tortious acts within Florida" provision of the long-arm statute, provides that a non-resident defendant is subject to personal jurisdiction in Florida "for any cause of action arising from . . . [c]omitting a tortious act within Florida." Fla. Stat. § 48.193(1)(a)(2). Accordingly, Maritime must show that its defamation claims arose from Defendants committing "a tortious act within Florida." Courts in the Eleventh Circuit apply a broad construction of subsection (1)(a)(2) and consistently hold that the physical presence of a defendant in Florida is not required for long-arm jurisdiction if the plaintiff suffered harm in Florida. *See, e.g.*, *Louis Vuitton*, 736 F.3d at 1354; *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *Brennan v. Roman Catholic Diocese of Syracuse N.Y., Inc.*, 322 F. App'x 852, 854 (11th Cir. 2009); *You Fit, Inc. v. Pleasanton Fitness, LLC*, No. 12-01917, 2012 WL 12905186, at *3 (M.D. Fla. Dec. 20, 2012); *Enviracarbon, Inc. v. Couch*, 6:10-CV-1886-ORL-35, 2011 WL 4501058, at *2 (M.D. Fla. June 20, 2011). Nevertheless, the Florida long-arm statute mandates that the tort be committed in Florida.

The elements of a defamation claim are: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damage; and (5) statement must be defamatory." *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1214 n.8 (Fla. 2010) (internal

6

quotation marks omitted) (quoting *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)). In Florida, the tort of defamation is considered incomplete until the statements are published. *See id*. at 1214 (citing *Silver v. Levinson*, 648 So. 2d 240, 242 (Fla. 4th DCA 1997)); *Casita, L.P. v. Maplewood Equity Partners, L.P.*, 960 So. 2d 854, 857 (Fla. 3d DCA 2007) (the tort of defamation "is committed in the place where the defamatory material is published.").

In a situation where a nonresident defendant has posted an allegedly defamatory statement on the Internet, it can be said that "the poster has directed the communication about a Florida resident to readers worldwide, including potential readers within Florida." *Internet Solutions Corp.*, 39 So. 3d at 1215. For the purposes of a defamation action, "[a] nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and ***accessed*** in Florida." *Id.* at 1216 (emphasis added). Critically, publication requires that "the alleged slanderous or disparaging statement be made or published to some **third person**." *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 421 (Fla. 3d DCA 1995) (emphasis added). Thus, the Court must determine whether the alleged defamatory material was accessed by a third-party, and thereby published, in Florida. *Internet Solutions Corp.*, 39 So. 3d at 1203 (holding that "the material posted on the website about a Florida resident must not only be *accessible* in Florida, but also be *accessed* in Florida in order to constitute the commission of the tortious act of defamation within Florida under section 48.193(1)(b).") [2] (emphasis in original).[3]

---

[2]     *Internet Solutions* cites to § 48.193(1)(b), Fla. Stat. (2008), which has been renumbered to § 48.193(1)(a)(2), Fla. Stat. in the current version of the statute.

[3]     The Eleventh Circuit subsequently adopted this reading of *Internet Solutions. See Internet Sols. Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) (the Florida Supreme Court "concluded that, although the posting of defamatory material about a Florida resident on a website

7

Maritime alleges that Defendants published an article containing defamatory statements on Larson's website [ECF No. 1-2, ¶ 11], which was accessible to residents in the State of Florida. *See* [ECF No. 16, Exhibit C ¶ 10]. Maritime also alleges that Defendants purchased a Google AdWords advertisement that referred to Maritime's business as a "scam," and that this advertisement was also accessible in the State of Florida. *See* [*Id.* ¶ 11]. Maritime alleges the defamatory statements were published in "other maritime news journals," but does not provide any additional facts regarding the circulation or readership of these other alleged journals.

Accepting the factual allegations as true, while the alleged defamatory statements were arguably accessible in Florida, Maritime has not established that the alleged defamatory statements were published or accessed by a third-party in Florida. *Howard v. Nano*, 3:11CV366/MCR/CJK, 2012 WL 3668045, at *2 (N.D. Fla. Aug. 25, 2012) (noting that *Internet Solutions* would not have drawn a distinction between internet sites accessed or merely accessible in Florida if online defamation satisfied the Florida long-arm statute regardless of where publication occurred). Indeed, the only person specifically identified as having accessed the alleged defamatory materials in Florida is Maritime's President, Tony Munoz, who does not constitute a third-party for purposes of defamation. *See* [ECF No. 16, Exhibit C ¶¶ 10-11].[4] Because Maritime does not identify a single third-party who it contends accessed the alleged defamatory material within Florida, it has failed to state a cause of action for defamation and failed to satisfy Florida's long-arm statute. *See Jackson v. N. Broward Cnty. Hosp. Dist.,* 766 So. 2d 256, 257

---

alone did not constitute the commission of a tortious act under § 48.193(1)(b), the posting of such that was both *accessible* in Florida and *accessed* in Florida constituted the commission of a tortious act of defamation within Florida under § 48.193(1)(b).").

[4] It is unclear whether Maritime is also alleging that the alleged defamatory statements were published to its "employees, who are located in Florida," or if it is referring to some other publications. [ECF No. 16, Exhibit C ¶ 13]. Nevertheless, Maritime's own employees would not constitute third-parties for defamation purposes.

(Fla. 4th DCA 2000) (dismissing defamation claim where the plaintiff failed to "specifically identify the persons to whom the allegedly defamatory comments were made"); *Buckner v. Lower Florida Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981) (finding allegations insufficient to state a claim for defamation where pleading failed to "identify the particular person to whom the remarks were made"); *see also Catalyst Pharm., Inc. v. Fullerton*, 16-25365-CIV, 2017 WL 6558397, at *8 (S.D. Fla. Aug. 8, 2017) (analyzing *Internet Solutions* and finding no personal jurisdiction where plaintiff failed to establish that the alleged online defamatory statements were accessed or published in Florida).

Once a party has failed to meet the first prong of the personal jurisdiction analysis, the Court "need not reach the issue of whether . . . the exercise of jurisdiction comports with due process." *Maale v. Kirchgessner*, 08-80131-CIV, 2010 WL 11506095, at *6 n.9 (S.D. Fla. May 27, 2010), *aff'd sub nom. Maale v. Caicos Beach Club Charter, Ltd.*, 420 F. App'x 895 (11th Cir. 2011); *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010) ("Because the federal courts are duty bound to avoid a constitutional question if answering the question is unnecessary to the adjudication of the claims at hand," . . . "[o]nly where the long-arm statute provides jurisdiction do we proceed to the second step and determine whether the defendant ha[s] minimum contacts with the forum state") (internal quotations omitted).

## IV. CONCLUSION

Because Maritime has not sufficiently alleged that Defendants published defamatory material that was accessed by a third-party in Florida, the Court concludes that it may not exercise personal jurisdiction over Defendants. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Larson Electronics, LLC's, Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 8] is **GRANTED** and Defendant Robert Bresnahan's Motion to Dismiss [ECF No. 7] is **GRANTED**. The Complaint shall be dismissed

without prejudice. Plaintiff may file an amended pleading within twenty (20) days from entry of this Order.

It is further **ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE